UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RICHARDSON RICHARDSON,

                 Plaintiff,

-against-

NYC KINGS COUNTY HOSPITAL, Bklyn, N.Y.,
and GRACIE SQUARE HOSPITAL, N.Y., N.Y.,

                 Defendants.
-------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

05-CV-3415 (ARR)

ROSS, United States District Judge.

Plaintiff, Richard Richardson, brings this pro se action pursuant to 42 U.S.C. § 1983, alleging that doctors at defendant Kings County Hospital ("KCH") improperly committed him to KCH's psychiatric ward, then transferred him to defendant Gracie Square Hospital ("GSH"), where he was mistreated in unspecified ways. Plaintiff's application to proceed in forma pauperis is granted. However, for the reasons set forth below, plaintiff is directed to amend his complaint within thirty (30) days of the date of this Order.

Background

In the early morning of April 6, 2005, plaintiff awakened, coughing, to the smell of "cleaing (sic) fluid" seeping under his bedroom door. Complaint at 1. For reasons which are not altogether clear, this prompted plaintiff to go to KCH's emergency room for "a check up" at around 3:00 a.m. Id. There, plaintiff was examined by an unnamed emergency room physician, who gave plaintiff a blood test and told him to return to the waiting room. Plaintiff waited until 1:00 or 1:30 p.m., when the physician asked him to see an unnamed "female doctor." Id. After plaintiff did so, the emergency room doctor asked plaintiff to sign a document, which plaintiff believed to be "discharge papers." Id. at 1-2.

Although plaintiff signed the "discharge papers," the emergency room physician apparently told plaintiff that he was to remain at KCH. Plaintiff protested, accusing the doctor of trying to "play" him. Id. at 2.[1] The doctor apparently attempted to placate plaintiff by telling him he was "O.K.," then directed hospital "police officer[s]" to detain plaintiff. Id.

Plaintiff was transported to "a small part of King[s] County mental part," where he remained until the next day. Id. On April 7, 2005, plaintiff was transferred to GSH, where he remained until April 19, 2005. Id. Plaintiff alleges that, although he is not a substance abuser, GSH housed him in a "detox ward." Id. Plaintiff further accuses GSH of "misstreating (sic) [him] in all kinds of ways from no shower to no air in room off and on." Id.

On July 14, 2005, plaintiff commenced this action, in which he alleges that he was involuntarily detained at both hospitals and that his "civil rights was violation (sic) under the 42 USC 1983 act and article 78." Id. at 2-3. Plaintiff seeks $1.4 million for each day he was involuntarily detained, plus costs.

Discussion

Title 28, section 1915, of the United States Code provides that a district court "shall dismiss" an action if "the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). However, because plaintiff is proceeding pro se, the pleadings must be read liberally and interpreted as raising the strongest argument they suggest. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos

---

[1] According to the complaint, to "play" someone means to disrespect or to "play around" with him or her. Complaint at 2.

v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)(citing Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

Although plaintiff's complaint alleges that this action is brought pursuant to 42 U.S.C. § 1983,[2] the complaint does not state a § 1983 cause of action against either of the named defendants. In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Id.

Municipalities and municipal corporations are "persons" for purposes of § 1983. See Nicholson v. Williams, 203 F.Supp.2d 153, 232 (E.D.N.Y. 2002). However, "a plaintiff suing a municipal corporation ... under 42 U.S.C. § 1983 must prove that the constitutional wrong complained of resulted from the corporation's official policy, custom, ordinance, regulation, or decision." Rookard v. Health and Hosps. Corp., 710 F.2d 41, 45 (1983) (citing Monell v. Department of Social Servs., 436 U.S. 658 (1978)). Since respondeat superior cannot be used to establish municipal liability, see Richardson v. Nassau County, 277 F.Supp.2d 196, 204

---

[2]The complaint also alleges that this action is brought pursuant to "article 78." Presumably, plaintiff is referring to Article 78 of New York Civil Practice Law and Rules ("CPLR"), which sets forth the New York State court procedure for seeking "[r]elief previously obtained by writs of certiorari to review, mandamus or prohibition." CPLR § 7801. An Article 78 proceeding cannot be brought in this Court; it can only be brought in the Supreme Court of the State of New York. CPLR § 7804(b).

3

(E.D.N.Y. 2003) (citing cases), "proof that the corporation employed a tortfeasor will not, standing alone, establish liability." Rookard, 710 F.2d at 45. Rather, the plaintiff must show that the constitutional violation by a municipal employee resulted from a custom or policy of the municipality. See Monell, 436 U.S. at 694; DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998); Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995)).

KCH is one of the 11 acute care hospitals which, together with other medical facilities, comprise the New York City Health and Hospitals Corporation ("HHC"). See Bogart v. New York City Health and Hosps. Corp., No. 98 Civ. 6118 (TPG), 2001 WL 504874, at *1 (S.D.N.Y. May 11, 2001); www.ci.nyc.ny.us/html/hhc/html/about/faq.shtml. "It is well established that HHC is a public benefit corporation and, as such, is held to municipal liability standards." Johnson v. New York City Health and Hosps. Corp., 98 Civ. 5505 (NRB), 2000 WL 1059700, at *3 (S.D.N.Y. Aug. 2, 2000) (citing Rookard, 710 F.2d at 45). KCH, which lacks a legal identity separate and apart from HHC, is held to the same standards. See Mendez v. Monroe County Hosp., No. 04-CV-1030F, 2005 WL 1243317, at *2 and n. 1 (W.D.N.Y. May 25, 2005).

Applying these standards, plaintiff's complaint does not state a claim against KCH. First plaintiff's claim appears to be based on a theory of respondeat superior, since plaintiff does not allege that KCH itself did anything wrong other than employ the two doctors who examined plaintiff. Second, the complaint does not allege or suggest that plaintiff's commitment resulted from a custom or policy of KCH or HHC. To the contrary, the facts alleged in plaintiff's complaint suggest that plaintiff was committed pursuant to New York Mental Hygiene Law ("MHL") § 9.39, a State statute which permits the director of certain hospitals to retain a patient for up to 15 days if two staff physicians (one of whom is a member of the psychiatric staff)

4

certify that the patient has "a mental illness for which immediate observation, care, and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or others." MHL § 9.39(a).

Plaintiff's complaint also does not state a § 1983 claim against GSH. First, according to the hospital's website, GSH is a member of The New York Presbyterian Healthcare Network, not a City institution. See www.nygsh.org. This hospital, therefore, does not appear to be a "state actor" for purposes of § 1983. Second, the complaint does not allege that GSH violated plaintiff's federal Constitutional or statutory rights. While plaintiff alleges that he was mistreated "in all kinds of ways," the kind of mistreatment alleged in the complaint – "no shower ... [and] no air in room on and off" – does not rise to the level of a federal Constitutional or statutory violation.

Although this Court could dismiss plaintiff's claims against KCH and GSH at this juncture, it declines to do so in light of plaintiff's pro se status and ambiguities in the complaint. Instead, this Court directs plaintiff to amend his complaint to allege what KCH did or failed to do, and to explain what custom or policy of KCH resulted in a violation of plaintiff's Constitutional rights. If plaintiff wishes to pursue a § 1983 claim against GSH, plaintiff must at least explain his basis for alleging that GSH is a state actor and list the ways in which his constitutional rights were violated at GSH.

In addition, because the complaint suggests that plaintiff may be able to state a § 1983 claim against the two doctors who had him committed, plaintiff may amend his complaint to attempt to state a § 1983 claim against the doctors. Plaintiff must name or otherwise specifically identify the doctors involved, and must allege what each doctor did wrong. Plaintiff should

provide the dates and approximate times at which the actions alleged in the complaint took place, and should indicate whether he or anyone else challenged his commitment in court or in other proceedings.

Conclusion

For the reasons stated above, plaintiff is directed to file an amended complaint within thirty (30) days of the date of this Order. The amended complaint must be captioned, "Amended Complaint," and must bear Docket Number 05-CV-3415 (ARR). No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If plaintiff fails to amend his complaint within thirty (30) days as directed by this Order, judgment shall be entered dismissing this action in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
September 8, 2005