UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
RICHARD RICHARDSON,

                      Plaintiff,

-against-

NYC KINGS COUNTY HOSPITAL, Bklyn, N.Y.,
and GRACIE SQUARE HOSPITAL, N.Y., N.Y.,

                      Defendants.
---------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

05-CV-3415 (ARR)

ROSS, United States District Judge.

Plaintiff, Richard Richardson, brings this pro se action pursuant to 42 U.S.C. § 1983, alleging that doctors at defendant Kings County Hospital ("KCH") improperly committed him to KCH's psychiatric ward, then transferred him to defendant Gracie Square Hospital ("GSH"), where he was mistreated in unspecified ways. By order dated September 8, 2005, this Court granted plaintiff's application to proceed in forma pauperis, but directed that plaintiff amend his complaint to, among other things, allege what KCH did or failed to do, and to explain what custom or policy of KCH resulted in a violation of plaintiff's constitutional rights. This Court also stated that if plaintiff wished to pursue a claim against GSH, he needed to "at least explain his basis for alleging that GSH is a state actor and list the ways in which his constitutional rights were violated at GSH." Richardson v. NYC Kings County Hosp., No. 05-CV-3415 (ARR), slip op. at 5 (E.D.N.Y. Sept. 8, 2005). Finally, this Court, noting that the complaint suggested that plaintiff might be able to state a cause of action against the two doctors who had him committed, granted plaintiff leave to amend his complaint to attempt to state a § 1983 claim against the doctors. Id. at 5-6.

Plaintiff has now filed an amended complaint (hereafter, the "Amended Complaint"), which largely repeats the allegations which are contained in plaintiff's original complaint. Although the Amended Complaint provides additional allegations concerning the two doctors, and allegations of mistreatment by other staff members, it does not allege what KCH itself did wrong, aside from hiring these employees. Moreover, the Amended Complaint does not allege or suggest that the alleged wrongs or mistreatment resulted from KCH's official policies or customs. Since respondeat superior cannot be used to establish municipal liability, see Richardson v. Nassau County, 277 F.Supp.2d 196, 204 (E.D.N.Y. 2003) (citing cases), and since the Amended Complaint does not suggest that the doctors' allegedly unconstitutional actions were the result of any custom or policy of KCH, plaintiff's claims against KCH are hereby dismissed.

Similarly, while the Amended Complaint provides additional details concerning alleged misconduct by personnel at GSH, the Amended Complaint does not suggest any basis for concluding that GSH is a state actor or contain any allegations concerning wrongdoing by GSH itself. Even assuming that GSH is a state actor, rather than a private hospital, these allegations would not state a § 1983 claim against GSH. Therefore, plaintiff's claims against GSH are also dismissed.

Plaintiff's Amended Complaint suggests, however, that plaintiff is attempting to state a § 1983 claim against the two KCH doctors who had him involuntarily committed. In granting plaintiff leave to amend his complaint, this Court advised plaintiff that if he wished to sue these doctors he had to "name or otherwise specifically identify" them and to "allege what each doctor did wrong." Richardson v. NYC Kings County Hosp., slip op. at 5. Plaintiff was not directed to amend the caption of the case to add these doctors, either by name or as "Doe" defendants.

2

In keeping with this Court's instructions, petitioner has specifically described the two KCH doctors in his Amended Complaint. This pleading describes the doctor who initially examined plaintiff as a bespectacled, light-skinned man in his late sixties, approximately five feet, nine inches tall inches, and weighing about 225 pounds. The pleading further describes the doctor to whom plaintiff was subsequently referred as a white woman in her late fifties, approximately five feet, seven inches tall and about 225 pounds. In addition, the Amended Complaint at least suggests that these doctors improperly committed plaintiff to the hospital pursuant to New York Mental Hygiene Law § 9.39. Therefore, although the caption to the Amended Complaint does not list these doctors, either by name or as "John Doe" or "Jane Doe," this Court nonetheless concludes that plaintiff is attempting to sue these individuals and that his allegations may be sufficient to state a claim.

The Amended Complaint cannot be served upon these doctors, however, because plaintiff does not know their names. Accordingly, the Clerk of Court is hereby directed to send a copy of this Order, the original complaint and the Amended Complaint to the Corporation Counsel of the City of New York and to plaintiff. Pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that Corporation Counsel ascertain the full names of the doctors who examined plaintiff at KCH on April 6, 2005. Corporation Counsel is also requested to provide the addresses where these defendants can be served. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants.

The Corporation Counsel of the City of New York is hereby requested to produce this information by March 31, 2006. Once this information is provided, plaintiff's Amended Complaint shall be deemed further amended to reflect the full names of the doctor defendants. A

summons shall then be issued and the Court shall direct service on these defendants. Plaintiff is advised that the Court is prohibited from discussing this case with litigants unless all parties to the action are present. Accordingly, no conferences shall be held in this case until after defendants have been served and have joined the action. This matter is referred to Magistrate Judge Lois Bloom for all pretrial proceedings.

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
February 24, 2006